■ In the Matter of ABRAHAM I. SOKOL, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [636 NYS2d 450] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board

for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician, was convicted of one count of grand larceny in the second degree for defrauding Medicaid of more than $1,000,000. He was sentenced to a term of imprisonment of $3^1/_2$ to $10^1/_2$ years and ordered to pay restitution. As a result of this conviction, petitioner was later charged with professional misconduct (see, Education Law § 6530 [9] [a] [i]). After a finding of guilt was rendered by a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the State Board) and sustained after administrative review, petitioner's license to practice medicine was revoked. Relying on *United States v Halper* (490 US 435), where the United States Supreme Court held that a respondent who had already been criminally prosecuted could not also be subjected to a civil sanction when such civil sanction was found to have served solely deterrent or retributive purposes (*supra*, at 449), petitioner contends that the revocation of his license constitutes a second punishment in violation of the constitutional proscription against double jeopardy. We disagree.

*United States v Halper* (*supra*, at 449), characterized by the United States Supreme Court as a "rare case" involved a non-physician who was convicted of filing $585 in fraudulent Medicare claims, sentenced to two years' imprisonment and fined $5,000 (*supra*, at 437). Subsequent thereto, the Federal government initiated an action pursuant to the Civil False Claims Act (31 USC §§ 3729-3731), which authorized the government, by the remedial formula contained therein, to assess penalties of more than $130,000 against the respondent. In that circumstance, the court found that since the application of the statutory formula was "so disproportionate to the damages caused that it constitute[d] a second punishment" (*supra*, at 450), the penalty violated the Double Jeopardy Clause of the US Constitution.

As *Halper (supra,* at 449) primarily addressed the inequities yielded by a civil sanction which so disproportionately compensates the government for its costs that it loses its remedial nature and instead "takes on a quality of punishment", we do not find the principles enunciated therein to preclude the State from instituting an administrative action to discipline a licensed physician subsequent to his conviction of a crime. Clearly, a license revocation hearing serves the traditional purpose of "protect[ing] the public from medical negligence, incompetence or illegal and unethical practices" (Executive Dept Mem, 1991 McKinney's Session Laws of NY, at 2081). Unlike

the sanction imposed in *Halper*, the revocation of a physician's license to practice medicine is intended to be remedial, having a rational relationship to the harm caused. Given the fraudulent and deceitful nature of petitioner's conduct, pursued solely for personal gain through exploitation of the public trust, coupled with the resultant fraud perpetrated upon an already overburdened Medicaid system, we find revocation not to be disproportionate to such conduct (*see, Matter of Abassi v Chassin*, 219 AD2d 765, 766; *Matter of Sabuda v New York State Educ. Dept.*, 195 AD2d 837, 838; *Matter of Manyam v Sobol*, 183 AD2d 1022, 1023). Accordingly, we will not disturb the Board's determination as violative of the constitutional proscription against double jeopardy.

As to petitioner's contention that he was denied due process by the State Board's refusal to grant him a 365-day adjournment due to his incarceration, we find no merit. "The absence of the accused at an administrative hearing is not violative of his right to due process as long as he has been notified of the hearing and afforded an opportunity to be heard" (*Matter of Laverne v Sobol*, 149 AD2d 758, 761, *lv denied* 74 NY2d 610). Since the petitioner was notified of the charges against him, was given the opportunity to be heard and submitted papers to the State Board which were received into evidence, we find no constitutional violation (*see, Laverne v Sobol, supra; Matter of Mujtaba v New York State Educ. Dept.*, 148 AD2d 819; *Matter of Lazachek v Board of Regents*, 101 AD2d 639, *lv denied* 63 NY2d 608).

As to any further contention by petitioner that he was denied due process when the State Board refused to allow him the requested adjournment for the purpose of securing counsel, we find no indication in the record that petitioner raised this issue when he proffered his request.

We accordingly confirm the administrative determination and dismiss the petition in its entirety.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.