■ In the Matter of Earl M. Kabnick, Petitioner, v Mark Chassin, as Commissioner of the New York State Department of Health, et al., Respondents. [636 NYS2d 920] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In 1992, petitioner, a diagnostic radiologist, pleaded guilty to

grand larceny in the third degree and admitted that he had submitted false claims to the State for radiological services in connection with the diagnosis and treatment of Medicaid patients for which he received $75,000. Thereafter, respondent Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner with professional misconduct in violation of Education Law § 6530 (9) (a) (i) based on the criminal conviction. Following a hearing before a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Hearing Committee), petitioner was found guilty of professional misconduct. In considering what penalty to impose, the Hearing Committee found that petitioner's behavior was reprehensible and concluded that petitioner's license should be suspended for two years, with execution of the suspension stayed for one year. A fine of $10,000 was also imposed. Petitioner appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Review Board), which sustained the Hearing Committee's findings but overturned the penalty by ordering revocation of petitioner's license. This proceeding by petitioner challenges the Review Board's determination.

Initially, we reject petitioner's contention that the Hearing Committee was biased because its Chairperson had previously worked with petitioner. The Chairperson disclosed her prior affiliation with petitioner when the hearing commenced and indicated that she could be objective in the matter. Although petitioner later claimed in his appeal to the Review Board that the two had an adversarial relationship, he failed to object or move for the Chairperson's recusal at the time of the hearing (*cf.*, *Matter of Reisner v Board of Regents*, 142 AD2d 22, 28, 29). In fact, petitioner's attorney specifically stated that he had "no problem" with the Chairperson being on the Hearing Committee. Under these circumstances, petitioner waived any objection based on the Chairperson's alleged bias (*see*, *Matter of Haberman v Sobol*, 138 AD2d 838, 838-839). In any event, we find no support in the record for petitioner's assertions. "A mere allegation of bias * * * is not enough to demonstrate prejudice" (*Matter of Reisner v Board of Regents, supra*, at 29). Rather, there must be a factual basis to support the claim and proof that the outcome flowed from the alleged bias (*see*, *Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* — US —, 116 S Ct 170). Here, petitioner's proof failed to "overcom[e] the presumption of honesty and integrity which is accorded to members of administrative bodies" (*supra*, at 890; *see*, *Matter of Amarnick v Sobol*, 185 AD2d 485). Since any proof of bias or prejudice that may have existed in

the instant case was far from substantial (*see, Matter of Reisner v Board of Regents, supra,* at 29), petitioner failed to meet his burden with regard to this issue.

Petitioner also argues that the Review Board did not have the authority to modify the sanction imposed by the Hearing Committee because the BPMC did not contest the penalty. We, however, agree with respondents that the Review Board has the authority to impose its own penalty regardless of whether the BPMC sought to impose a harsher penalty. The Review Board is expressly granted the power to review a penalty and determine whether it is "appropriate and within the scope of penalties permitted by [Public Health Law § 230-a]" (Public Health Law § 230-c [4] [b]) and the revocation of a license is within the scope of penalties permitted under Public Health Law § 230-a. Moreover, this Court has repeatedly held that the Review Board does not exceed its power when it imposes a harsher penalty than that imposed by the Hearing Committee (*see, e.g., Matter of Finelli v Chassin,* 206 AD2d 717, 719; *Matter of Spartalis v State Bd. for Professional Med. Conduct,* 205 AD2d 940, *lv denied* 84 NY2d 807; *Matter of Wapnick v New York State Bd. for Professional Med. Conduct,* 203 AD2d 728, 729). There is no provision in Public Health Law article 2 (tit II-A) which limits the Review Board's authority to act with respect to increasing or decreasing a penalty to only those instances where review is sought by the BPMC. Insofar as the "administrative construction of the statutory provision is not irrational or irresponsible, deference is due it" (*Matter of Spartalis v State Bd. for Professional Med. Conduct, supra,* at 941).

We also find the penalty of revocation to be fully supported by the record (*see, Matter of Wapnick v New York State Bd. for Professional Med. Conduct, supra,* at 729). The evidence before us belies petitioner's contention that the Review Board failed to consider mitigating factors in rendering its decision. Further, its conclusion that such factors were insufficient to overcome the nature and extent of petitioner's conduct cannot be said to be arbitrary or capricious, affected by error of law or an abuse of discretion (*see, Matter of Chua v Chassin,* 215 AD2d 953, 954, *lv denied* 86 NY2d 708). Finally, we do not view the revocation of petitioner's license to be an excessive or disproportionate penalty (*see, Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876). In this respect, we note the serious nature of the crime to which petitioner pleaded guilty as well as the harm which resulted to the Medicaid system (*see, Matter of Abbasi v Chassin,* 219 AD2d 765, 766). Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Mercure, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.