In the Matter of SHAHID M. SIDDIQUI, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [644 NYS2d 64] —Peters, J.

Petitioner, a physician, was charged with professional misconduct based upon his plea to grand larceny in the second degree (*see*, Education Law § 6530 [9] [a] [i]). The criminal charges alleged that petitioner, owner of two medical clinics, had participated in an extensive scheme which defrauded the Medicaid system of over $1.4 million.[1] On August 9, 1993, petitioner was sentenced to an indeterminate term of imprisonment of 15 to 45 months.

On September 8, 1994, the Bureau of Professional Medical Conduct (hereinafter BPMC) commenced an expedited proceeding pursuant to Public Health Law § 230 (10) (p) charging petitioner with professional misconduct as a result of his criminal conviction. A hearing was held on October 4, 1994 in which petitioner, appearing with counsel, testified. The sole purpose of such hearing was to establish the nature and severity of the penalty to be imposed. Petitioner was found guilty of professional misconduct based upon his criminal conviction and it was recommended that petitioner's license to practice medicine in this State be revoked and that he be fined. Upon appeal to

1. As a condition of the plea and in satisfaction of an outstanding civil matter instituted against him by the State, petitioner agreed to forfeit approximately $810,000, assign the proceeds from the sale of his home in New Jersey to the State, sign over ownership of certain properties located in New York to the State and execute a confession of judgment in favor of the State for an additional $500,000.

the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), the recommendation to revoke petitioner's medical license was adopted and the request by BPMC to impose a fine of $10,000, in addition to the revocation, was denied.

Seeking to annul the determination,[2] petitioner contends that he was denied a fair hearing due to numerous due process violations which include the denial of an adjournment, the denial of discovery, ineffective assistance of trial counsel, compounded by, *inter alia,* prosecutorial misconduct, bias and double jeopardy.

Addressing first the Hearing Committee's refusal to adjourn the hearing for 30 days so that petitioner could meet with his bankruptcy attorney to prepare for a proceeding scheduled to occur on the following day, we note that although an adjournment is permitted (*see,* Public Health Law § 230 [10] [f]), there was no abuse of discretion or denial of due process when the Hearing Committee so refused. We note that the reason for the postponement was for petitioner's own convenience and benefit and not necessarily to prepare for the present hearing. It further appears that petitioner was given adequate notice of the hearing, a statement of the charges against him and was afforded a full opportunity to present evidence (*see, Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, 811).

Petitioner's contention that he was denied the effective assistance of counsel is similarly unavailing. While a physician faced with possible suspension or revocation of his license may be represented by counsel during a hearing (*see,* Public Health Law § 230 [10] [c], [p]), the right to effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6) does not, except in certain narrowly defined circumstances, extend to civil actions or administrative proceedings (*see, Matter of Prokopiw v Commissioner of Educ.*, 149 AD2d 874, *appeal dismissed* 75 NY2d 809; *Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875).

We further find no merit to petitioner's allegations of prosecutorial misconduct. Wholly unsupported is petitioner's contention that he was refused discovery pursuant to 10 NYCRR 51.8 (b) since there exists no evidence of an appropriate demand therefor (*see,* 10 NYCRR 51.8 [b] [1], [2]). Moreover, as to the prosecutor's seemingly inflammatory comments, any such error would be deemed harmless since petitioner's guilt of

---

2. Petitioner also moved for a stay pending determination of this proceeding which was denied by this Court.

professional medical misconduct had already been established by his criminal conviction, with the evidence indicating that his involvement in this scheme was more extensive than he had admitted.

We must further reject petitioner's contentions of bias by two of the Hearing Committee members. While petitioner admittedly failed to comply with the regulatory provision addressing the prehearing disqualification of a Hearing Committee member (*see*, 10 NYCRR 51.17), even based upon the unsupported allegations proffered here, such showing is insufficient to set aside an administrative determination (*see*, *Matter of Warder v Board of Regents*, 53 NY2d 186, *cert denied* 454 US 1125; *Matter of Kabnick v Chassin*, 223 AD2d 935; *Matter of Moss v Chassin*, 209 AD2d 889, *lv denied* 85 NY2d 805, *cert denied* — US —, 116 S Ct 170). We further note that no bias or prejudgment can be inferred solely due to the overlapping investigatory and adjudicatory roles assumed among members of the same agency in the absence of proof of actual bias or prejudgment (*see*, *Withrow v Larkin*, 421 US 35, 47; *Matter of Cole v New York State Dept. of Educ.*, 94 AD2d 904, 905, *lv denied* 60 NY2d 556).

Similarly without merit are petitioner's claims of due process violations. Our review reveals that notwithstanding petitioner's contentions, the evidence presented did not constitute new charges but was, instead, relevant to describe the extent of his culpable involvement in the fraud and to rebut his claim that he defrauded the State of only $66,000 (*see*, *Matter of Diamond v Sobol*, 145 AD2d 786). Petitioner had a full opportunity to rebut these allegations (*see*, *supra*, at 788) which addressed permissible parameters of inquiry (*see*, Public Health Law § 230 [10] [p]).

In reviewing whether the ARB violated lawful procedure, acted arbitrarily and capriciously or abused its discretion (*see*, *Matter of Moss v Chassin, supra*), again we find no error. The only issue before the ARB was the penalty to be imposed for petitioner's medical misconduct (*see*, Public Health Law § 230 [10] [p]). In so determining, the ARB was to consider both aggravating and mitigating circumstances. The Hearing Committee's determination, as adopted by the ARB, that there were no mitigating circumstances here is fully supported by the record which indicates that petitioner had been previously sanctioned by Medicaid in 1976 and had been disqualified from Medicaid payment in 1989. There was further evidence, through the testimony of a rebuttal witness, which not only detailed petitioner's involvement in the fraud, but also

recounted the personal benefit which enured to petitioner as a result of such scheme. Thus, contrary to petitioner's contentions, we do not find that the revocation of his license was a disproportionate penalty (*see, Matter of Sokol v New York State Dept. of Health, supra*, at 811). That others found guilty of similar transgressions may have had less severe punishment levied upon them is unavailing (*see, Matter of De Paula v Sobol*, 191 AD2d 822; *Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, *lv denied* 78 NY2d 856), as is petitioner's argument that revocation of his license constitutes double jeopardy (*see, Matter of Sokol v New York State Dept. of Health, supra*).

Mercure, J. P., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.