■ In the Matter of SUDARSHAN K. SINGLA, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [646 NYS2d 421] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Respondent charged petitioner with professional misconduct based upon petitioner's prior criminal conviction in New York upon his plea of guilty to the crime of offering a false instrument for filing in the second degree, a class A misdemeanor. Petitioner admitted at his allocution that as an employee of M M Management Services, Inc. he had signed forms falsely indicating that he had read echocardiograms and that he knew that those forms would be submitted for payment to the Medicaid program.

Following a hearing before a Hearing Committee of the State Board for Professional Medical Conduct, the Hearing Committee voted to suspend petitioner's license to practice medicine for one year and to impose a civil penalty of $10,000. On administrative appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), the ARB sustained the Hearing Committee's determination finding petitioner guilty of professional misconduct and the imposition of the civil penalty, but overturned the Hearing Committee's decision with respect to suspending petitioner's license, deciding instead that revocation was appropriate under the circumstances.

Petitioner commenced this CPLR article 78 proceeding in which he sought to annul the ARB's determination, contending that the imposition of a more severe penalty was in violation of lawful procedure. We disagree. The same argument was rejected by us in *Matter of Kabnick v Chassin* (223 AD2d 935, 937, *lv granted* 88 NY2d 801). We see no reason to rule otherwise.

Petitioner next contends that the ARB acted arbitrarily in failing to consider mitigating circumstances when it revoked petitioner's license to practice medicine. Petitioner's main defense is his contention of ignorance with respect to the fraudulent scheme. The record belies such contention. Rather, it clearly reveals that petitioner was fully aware that, in attesting to the claims, he was misstating the facts and he fully understood that another person, without a Medicaid number, actually did the work but could not claim reimbursement and that his signature was being used to give the claim facial viability.

Petitioner's contention that the revocation of his license was unfair, unduly harsh and without a rational basis in light of a prior unblemished record and his public humiliation is also rejected. In viewing the propriety of a penalty, the standard is whether "it is so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Chua v Chassin*, 215 AD2d

953, 956, *lv denied* 86 NY2d 708). The revocation of a physician's license for Medicaid fraud has been upheld by us in numerous instances (*see, Matter of Kabnick v Chassin*, 223 AD2d 935, 937, *supra; Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, 811, *appeal dismissed* 87 NY2d 1054; *Matter of Silberspitz v Sobol*, 206 AD2d 582, *lv denied* 84 NY2d 810). We do not find the penalty imposed here to be anything but appropriate. We note that the scheme involved reimbursement in the sum of $761,822. Petitioner's disregard of his responsibility, his lack of remorse and continued denial of culpability, in view of uncontroverted evidence to the contrary, fully justifies the imposition of the penalty.

Petitioner raises a number of due process rights violations none of which require extensive comment. For example, petitioner claims that he should have been granted an adjournment at the hearing. We find that petitioner had adequate notice of the hearing, having been advised on September 8, 1994 that the impending hearing was scheduled for October 4, 1994. Petitioner appeared, represented by counsel of his choice who mounted a spirited defense on the sole issue to be addressed, that is, the imposition of a penalty. Moreover, no adjournment was requested by petitioner at the hearing. Thus, we find that due process concerns were satisfied (*see, Matter of Sokol v New York State Dept. of Health, supra*, at 811).

Petitioner attempts to analogize his administrative hearing to a criminal proceeding when he contends that he was entitled to liberal prehearing discovery which was denied him. A party to an administrative hearing is entitled to limited disclosure (*see*, 10 NYCRR 51.8). Where revocation of a physician's license is sought, certain disclosure is permissible if either party makes a demand in writing (*see*, 10 NYCRR 51.8 [b]). The record fails to disclose any demand by petitioner.

We reject out of hand petitioner's claim of inadequacy of counsel. Such objection was not properly raised and we deem it waived (*see, Matter of Abraham v Board of Regents*, 216 AD2d 812). In any event, the right to effective assistance of counsel does not extend to administrative hearings (*Matter of Prokopiw v Commissioner of Educ.*, 149 AD2d 874, *appeal dismissed* 75 NY2d 809). Moreover, the record discloses that the representation by petitioner's counsel was more than adequate.

Petitioner also urges that the charges of misconduct in this case were amplified and changed at the hearing. We disagree. The charges were never changed; rather, the evidence with which petitioner takes issue was relevant with respect to the appropriateness of the penalty. It involved aggravating circumstances with respect to his plea of guilty.

We also reject petitioner's attack on his criminal conviction. Petitioner cannot relitigate the facts and circumstances of his criminal conviction at an administrative hearing or before this Court. Likewise, petitioner's contention that he was subjected to double jeopardy under the 5th Amendment is lacking in merit (*see, Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, *supra*).

The other issues raised by petitioner are without merit and we decline to discuss them.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.