■ In the Matter of BING TANG, Petitioner, v BARBARA DE-BUONO, as Commissioner of the Department of Health of the State of New York et al., Respondents. [652 NYS2d 408] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In February 1994, petitioner, a licensed physician specializing in neurological surgery, pleaded guilty to the crime of falsifying business records in the first degree, a class E felony (Penal Law § 175.10). In his plea allocution, petitioner acknowledged that, with intent to commit the crime of insurance fraud or to aid or conceal the commission of that crime, he had falsified a medical report of a patient's CT scan. Petitioner's sentence included a $25,000 fine, five years' probation and 300 hours of community service. On May 11, 1995, the State Board for Professional Medical Conduct (hereinafter the BPMC) charged petitioner with professional misconduct in violation of Education Law § 6530 (9) (a) (i) based on the criminal conviction. A hearing was held before a Hearing Committee of the BPMC, which sustained the charge of professional misconduct and, based on its consideration of identified mitigating circumstances, voted to suspend petitioner's medical license for three years, with two years stayed, and to place petitioner on probation. On administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the finding of guilt but, rejecting the Hearing Committee's finding with regard to mitigating circumstances, overturned the Hearing Committee's penalty and revoked petitioner's license to practice medicine in New York. Petitioner then commenced this CPLR article 78 proceeding to review the ARB's determination.

Initially, we reject the contention that the ARB's determina-

tion was a nullity because one of its members took no part in the proceedings. During the pendency of this proceeding, the Court of Appeals handed down a decision in *Matter of Wolkoff v Chassin* (89 NY2d 250), expressly holding that the ARB is empowered to act with a three-member quorum.

We are also unpersuaded by petitioner's challenges to the penalty imposed by the ARB. Initially, we are unconvinced that, in reaching its determination as to penalty, the ARB disregarded any mitigating circumstances as well as the recommendations of the prosecutor and the Hearing Committee. Fundamentally, the ARB is not bound by the Hearing Committee's determination or the prosecutor's recommendation as to penalty but, rather, may impose whatever penalty it deems appropriate (*see, Matter of Singla v New York State Dept. of Health*, 229 AD2d 798; *Matter of Ross v New York State Dept. of Health*, 226 AD2d 863; *Matter of Kabnick v Chassin*, 223 AD2d 935, *affd* 89 NY2d 828; *see also*, CPLR 7803 [3]). In addition, the record establishes that the ARB duly considered the mitigating circumstances relied upon by the Hearing Committee, but rejected them as unpersuasive. Finally, we reject the contention that the penalty was grossly disproportionate to the offense and shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). To the contrary, this Court has consistently upheld the penalty of revocation in cases involving criminal convictions for insurance fraud (*see, Matter of Singla v New York State Dept. of Health, supra; Matter of Ross v New York State Dept. of Health, supra*).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.