■ In the Matter of HARSHAD BHATT, Petitioner, v BARBARA DeBuono, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [661 NYS2d 66] —Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner was convicted upon his plea of guilty to the reduced charge of insurance fraud in the fourth degree, a class E felony (*see*, Penal Law § 176.15), in satisfaction of an indictment alleging 111 counts of fraud against petitioner. Petitioner was sentenced to five years' probation, ordered to make restitution of $36,451.54 and fined $10,000. Subsequently, the Bureau of Professional Medical Conduct charged petitioner with professional misconduct in violation of Education Law § 6530 (9) (a) (i) by virtue of his commission of the above crime.

Following a hearing on the misconduct charge held before a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee), the misconduct charge was sustained upon the record of the criminal proceeding and evidence was received on the issue of mitigation (see, Public Health Law § 230 [10] [p]). The Committee also voted to suspend petitioner's medical license for three years, stay the suspension and place him on probation for five years. The Committee rejected revocation of his license because of mitigating factors in his life, including the severe disruption of his medical practice and the chaotic neglect in recordkeeping and billing due to a major accident which left his son paralyzed following an extended hospital stay. Additionally, petitioner, facing a billing cutoff date, prepared hundreds of billings in one evening to meet the deadline and 27 of the billings were found to be fraudulently submitted. The Committee also considered his remorse, the extreme circumstances related to the billing incident, his surgical skills and teaching ability, his practice in underserved areas of New York City as well as supporting letters.

On appeal to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), the ARB sustained the finding of guilt but overturned the penalty imposed by the Committee; instead, the ARB revoked petitioner's license to practice medicine upon substituting its judgment for that of the Committee as to what the penalty should be. Subsequently, petitioner commenced this CPLR article 78 proceeding challenging the ARB's determination as to the penalty imposed.

Petitioner's argument that revocation of his medical license was shockingly disproportionate to the offense committed and lacked a basis in the record is without merit. Our review is limited to determining whether license revocation was so disproportionate to the offense committed (Medicare insurance fraud) as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Chua v Chassin, 215 AD2d 953, 956; Matter of Jean-Baptiste v Sobol, 209 AD2d 823, 825) and we do not find the penalty imposed violative of that standard.

Petitioner's claim that the determination should be vacated because the ARB failed to consider mitigating circumstances and to give weight to the findings of the Committee is belied by an examination of the record. Finally, petitioner's contention that similar situations have been treated differently without reason is not supported by any facts in the record and is

rejected (*see, e.g., Matter of Tang v DeBuono*, 235 AD2d 745; *Matter of Kabnick v Chassin*, 223 AD2d 935, *affd* 89 NY2d 828; *Matter of Abbasi v Chassin*, 219 AD2d 765, 766). The determination should not be disturbed.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.