■ In the Matter of GREGORY D. POST, Petitioner, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [667 NYS2d 94] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed emergency room physician, was charged with seven specifications of professional misconduct emanating from his treatment of six patients, and allegedly fraudulent statements made on an employment application. Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) found petitioner guilty of practicing medicine negligently on more than one occasion, practicing incompetently on more than one occasion, gross negligence (three specifications, relating to

his treatment of patients A, C, and D), gross incompetence (one specification, arising from his treatment of patient A), failing to maintain adequate records of his treatment of patients A and E, practicing medicine fraudulently and willfully making a false report. The Committee directed that petitioner be placed on probation for five years, and that his medical license be suspended for one year pending successful completion of a course of retraining.

Upon petitioner's appeal to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), the ARB sustained the Committee's findings of misconduct but overturned the penalty, voting instead to revoke petitioner's license. Petitioner then commenced this proceeding seeking annulment of the ARB's determination.

Petitioner's contention that the determination must be annulled because he was denied the effective assistance of counsel at the administrative hearing is meritless. While a physician accused of professional misconduct may choose to retain legal representation to assist in defending against the charges, the constitutional right to effective assistance does not extend to administrative proceedings of this type (*see, Matter of Singla v New York State Dept. of Health*, 229 AD2d 798, 800, *lv denied* 89 NY2d 809; *Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 736, *lv denied* 89 NY2d 804).

Turning to petitioner's substantive challenges to the ARB's determination, we are not persuaded that the findings of gross incompetence and gross negligence are unsupported by the record merely because the expert who testified on behalf of respondent State Department of Health did not utter the words "egregious" or "conspicuously bad" when referring to petitioner's deviations from acceptable medical standards (*cf., Matter of Spero v Board of Regents*, 158 AD2d 763, 764). The expert's testimony, as a whole—including his explanation of the potentially grave consequences of petitioner's errors in treating patients A, C, and D, and his characterization of those errors as "significant" or "serious"—provides a rational basis for the Committee's (and the ARB's) determinations in this respect. The remainder of petitioner's challenges to the ARB's findings of misconduct are essentially directed at matters of credibility or the weight of conflicting evidence, which are beyond the scope of this Court's review (*see, Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, *lv denied* 89 NY2d 814).

As for the penalty, the ARB found that while the deficiencies in the level of care provided by petitioner might be adequately addressed by the suspension and probation ordered by the

Committee, that sanction was inappropriately lenient, given petitioner's fraudulent misrepresentations on a hospital application just 10 days after his privileges had been suspended at another facility. Having found petitioner's explanation for these false statements incredible, the ARB was entitled to conclude that they were made with the intent to deceive (*see, Matter of Radnay v Sobol*, 175 AD2d 432, 433; *Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, 881-882, *lv denied* 78 NY2d 856), and consequently demonstrated a lack of integrity (*see, Matter of Jadoo v DeBuono*, 235 AD2d 644). Considered in conjunction with the previously mentioned findings of negligence and incompetence, this provides ample justification for the penalty imposed (*see, Matter of Glassman v Commissioner of Dept. of Health of State of N. Y.*, 208 AD2d 1060, *lv denied* 85 NY2d 801).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.