■ In the Matter of CHUDI G. CHIME, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Depart-

ment of Health, et al., Respondents. [687 NYS2d 814] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, *inter alia,* suspended petitioner's license to practice medicine in New York.

Petitioner, a licensed obstetrician, challenges a determination of respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Board) finding him guilty of willfully filing or making false reports (Education Law § 6530 [21]). The Board concluded that petitioner had willfully billed Medicaid for delivering 10 patients' babies, despite not having been present or participated in these deliveries, and fined petitioner $10,000 ($1,000 per false report), suspended his license for five years with the suspension stayed, placed him on probation and ordered that his billing practices be monitored. Petitioner maintains that the Board's determination was arbitrary and capricious and should therefore be set aside. We disagree.

Joseph Guy, a Medicaid official, testified that pursuant to Medicaid regulations a physician could receive payment for, as here, a vaginal delivery if he or she provided an "identifiable service", that is, was personally involved or participated in the delivery. Through further testimony and documentary evidence—including patient medical records and the delivery room log—it was established that petitioner was not in attendance when these deliveries occurred and that they were performed by residents. Given the foregoing, the Board's determination must be upheld for there is a rational basis in fact for its conclusion (*see, Matter of Saldanha v DeBuono*, 256 AD2d 935; *Matter of Chua v Chassin*, 215 AD2d 953, 954, *lv denied* 86 NY2d 708) that petitioner filed false reports by submitting bills to Medicaid to receive payment for services that he did not furnish.

That it may have been customary practice at petitioner's hospital for attending physicians to bill for deliveries not performed does not relieve petitioner of the responsibility of complying with Medicaid's regulations. If, as the Attorney General cogently argues, this view were given credence, physicians by banding together could ignore the law and adopt their own standards, notwithstanding that they did not comport with Medicaid's requirements.

Equally unpersuasive is petitioner's claim that he was not accorded due process because his request for an adjournment, occasioned by his counsel's unavailability, was denied by the

Hearing Committee, and hence he was compelled to proceed with his direct case represented by substitute counsel (a far less experienced attorney) who purportedly did not adequately assist him. This Court has repeatedly held that while a physician facing suspension or revocation of his license may be represented by counsel at an administrative proceeding such as this (*see, e.g., Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 736, *lv denied* 89 NY2d 804; *see also,* Public Health Law § 230 [10] [c], [p]), the constitutional right to effective assistance of counsel is not ordinarily extended except in narrowly defined circumstances not applicable here (*see, Matter of Prokopiw v Commissioner of Educ.*, 149 AD2d 874, *appeal dismissed* 75 NY2d 809; *Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875). Beyond that, we note that the record demonstrates that substitute counsel did indeed render effective representation. Lastly, the penalty imposed is neither inappropriate, shocking or unfair (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *see generally, Matter of Larkins v DeBuono*, 257 AD2d 714).

We have considered petitioner's other arguments and find them to be without merit. In particular, we find his reliance on *Matter of Brestin v Commissioner of Educ. of State of N. Y.* (116 AD2d 357) (a factually distinguishable case) misplaced, for among other reasons that involved bills submitted as the result of a clerical error.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.