■ In the Matter of ANTHONY F. GIFFONE, JR., Petitioner, v BARBARA A. DeBUONO, as Commissioner of Health of the State of New York, Respondent. [693 NYS2d 691] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In November 1997, the Bureau of Professional Medical Conduct (hereinafter the BPMC) filed three charges of professional misconduct against petitioner, a physician specializing in obstetrics and gynecology, stemming from his treatment of four female patients (hereinafter patients A, B, C and D). With respect to each patient, the statement of charges, which was thereafter amended twice, alleges that petitioner engaged in conduct evidencing moral unfitness to practice medicine (*see*, Education Law § 6530 [20]), practiced medicine fraudulently (*see*, Education Law § 6530 [2]) and willfully harassed, abused or intimidated a patient either physically or verbally (*see*, Education Law § 6530 [31]). As detailed in these charges, each

patient alleged that petitioner, without the presence of a female chaperone in the examining room, subjected her to improper physical or sexual contact and/or uttered inappropriate comments or questions, all under the guise of providing legitimate medical treatment. Patients A and B both complained of incidents which reportedly occurred in the 1970s, even though they did not make formal complaints until the mid-1990s. Patients C and D were treated by petitioner in 1988, with both patients making immediate complaints of misconduct which were duly investigated but did not result in the filing of disciplinary charges at that time. Petitioner denied each of the allegations.

Following a lengthy evidentiary hearing, a Hearing Committee of respondent State Board for Professional Medical Conduct (hereinafter the Committee) found petitioner guilty of all charges and specifications and voted to revoke his license. The Committee expressly found that each patient was credible and that petitioner and his witnesses were not credible. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul this determination.

None of the procedural or due process violations claimed by petitioner warrant annulment of the determination. Petitioner's principal contention is that the length of time between the alleged incidents of misconduct and the subsequent charges hampered his ability to defend himself. Relatedly, he questions the propriety of reopening the charges relating to patients C and D. With respect to the time delay between the charged incidents of misconduct and the ensuing disciplinary proceeding, petitioner must demonstrate that any delay in bringing the charges caused him actual prejudice (see, Matter of Lawrence v DeBuono, 251 AD2d 700, 701; Matter of Hubsher v DeBuono, 232 AD2d 764, 765, lv denied 89 NY2d 810). This he failed to do.

First, although the initial investigation of the complaints of patients C and D was closed, the BPMC was not precluded from thereafter bringing charges even in the absence of new evidence to support them (see, Matter of Lombardo v DeBuono, 233 AD2d 789, 791-792). Moreover, although petitioner states in a general way that certain records regarding these patients were destroyed after the investigation was closed, he fails to adequately detail the extent to which he was actually prejudiced. Not only did he retain his office notes from their respective appointments, he testified about his independent recollection of their treatment and either denied the accusations or provided exculpatory explanations. Thus, since it appears that

the purportedly destroyed documents would have been only minimally helpful to his defense, his claims of actual prejudice are unpersuasive (*see, Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861).

Petitioner's delay argument with respect to patients A and B is more compelling in that, *inter alia*, he no longer possesses patient or payroll records from this time period and claims to have no independent recollection of their treatment. Petitioner nevertheless fails to identify any specific document, witness or item of evidence regarding either of these patients which, if available, might cast doubt upon their accounts of the incidents (*see, Matter of Gold v Chassin*, 215 AD2d 18, 21, *lv denied* 87 NY2d 805). Accordingly, petitioner has not met his burden of demonstrating actual prejudice which deprived him of due process (*see, id.*, at 21).

Next, we reject petitioner's contention that he was unduly restricted by the Administrative Law Judge in defending the charges. Petitioner was provided sufficient leeway in questioning the patients and exploring relevant matters bearing on each's credibility (*see, id.*, at 23-24). He was also permitted to present the expert opinion of a psychiatrist, who reviewed the patients' testimony and speculated as to possible memory distortions and motives to fabricate. Nor was petitioner's cross-examination of patient B improperly curtailed on the issue of her alleged psychological treatment. The Administrative Law Judge permitted petitioner to question patient B about *any* psychiatric treatment she received before and after the alleged misconduct. It was established that her only treatment included psychotherapy, which did not begin until *after* her 1996 disclosure of the incident.

Significantly, although a physician charged with one-on-one misconduct occurring many years in the past for which insignificant corroboration exists is "afforded great latitude in questioning his or her accusers" (*id.*, at 23-24), such latitude does not include the waiver of an accuser's physician-patient privilege or permit the disclosure of otherwise protected medical records (*see, Matter of Major v Board of Regents of Univ. of State of N. Y.*, 160 AD2d 1041, 1044, *lv denied* 76 NY2d 705), as suggested by petitioner. The delay in bringing charges notwithstanding, patient B has not relinquished the physician-patient privilege with her treating psychotherapist in that, as a mere witness in the proceeding, she did not place her mental condition in controversy (*see, id.*).

As a final matter, to the extent that the petition can be construed as a challenge to the sufficiency of evidence against

him, we are satisfied that the determination is supported by substantial evidence (*see, Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990). We note that petitioner does argue that the burden of proof in license revocation proceedings should be "clear and convincing" evidence of guilt before the Committee, as opposed to "preponderance of the evidence" (Public Health Law § 230 [10] [f]). This Court has previously rejected this contention (*see, Matter of Gould v Board of Regents*, 103 AD2d 897), and do so again here.

Petitioner's remaining arguments have been examined and found to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.