■ In the Matter of ALAN M. GOLDBERG, Petitioner, v BARBARA DeBuono, as Commissioner of Health, Respondent. [711 NYS2d 81] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

On April 10, 1998, the Bureau of Professional Medical Conduct charged petitioner, a licensed physician and psychiatrist, with moral unfitness, gross negligence and incompetence, negligence on more than one occasion and incompetence by reason of his alleged sexual relationship with a patient. Following a hearing, a Hearing Committee of the State Board for

Professional Medical Conduct (hereinafter the Committee) sustained the specifications of moral unfitness, gross negligence and negligence and recommended revocation of petitioner's license. Petitioner commenced this CPLR article 78 proceeding to annul the Committee's determination, and revocation of petitioner's license has been stayed pending this proceeding.

Initially, we reject petitioner's contention that he was denied effective assistance of counsel. We repeatedly have held that "the constitutional right to effective assistance [of counsel] does not extend to administrative proceedings of this type" (*Matter of Post v State of New York Dept. of Health*, 245 AD2d 985, 986; *see, e.g., Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 736, *lv denied* 89 NY2d 804).

We also reject petitioner's assertion that the Committee erred in crediting the testimony of patient A and her daughter. It long has been the rule that issues of credibility, even as to witnesses with psychiatric illnesses, are exclusively for the administrative factfinder (*see, Matter of Morrison v DeBuono*, 255 AD2d 710, 711). Moreover, it is noteworthy that petitioner conceded his sexual relationship with patient A but contended that the physician-patient relationship was terminated at the time of that sexual relationship. Inasmuch as respondent's medical expert testified that the relationship was not terminated and petitioner's relationship with patient A constituted a serious deviation from accepted standards of practice, we are satisfied that the Committee's determination is supported by substantial evidence.

Finally, we reject petitioner's claim that he suffered actual prejudice as a result of the protracted delay in bringing the underlying disciplinary proceeding. While it is true that a number of patient A's hospital records were not available at the time of the hearing and that most of her hospital records were illegible, petitioner has failed to substantiate any of his assertions of actual prejudice (*see, Matter of Giffone v DeBuono*, 263 AD2d 713, 714-715). With regard to petitioner's contention that the missing records may have provided evidence that patient A had propensities to lie and to fabricate, we need note only, as conceded in petitioner's brief, that what records were available demonstrated patient A's propensity to fantasize and fabricate. Moreover, petitioner had available as a witness the psychiatrist who treated both petitioner and patient A at the time of the sexual relationship in question but failed to call him at the hearing. We have considered petitioner's remaining contentions, including his assertion that the penalty imposed was excessive, and find them to be unavailing.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.