OPINION OF THE COURT
John R. LaCava, J.
This is an action for personal injuries sustained on September 26, 1998 by Frances Laino, now deceased from unrelated causes, when, upon entering room 3322 of defendant hospital/ nursing home to visit her in-patient brother, Larry Pastula, *556 she slipped and fell injuring her hip. The incident was witnessed by Allan Winn, a hospital/nursing home employee, and Mr. Pastula, both of whom were in room 3322 at the time.
By decision and order of February 6, 2001, the court denied defendant’s motion for an order allowing defendant to review the medical records of nonparty Larry Pastula (CPLR 3120 [b]) for want of proper service of the application (id.). Mr. Pastula’s records were sought upon the belief that Mr. Pastula suffers from dementia. As such, defendant sought to challenge Mr. Pastula’s capacity to submit an affidavit in opposition to defendant’s motion for summary judgment.
Upon denying disclosure of the medical records on procedural grounds, defendant’s application to stay the court’s determination on the summary judgment motion pending such determination was, correspondingly, denied.
On the merits of defendant’s summary judgment motion, the court determined that summary judgment in favor of defendant was not warranted. Upon doing so, the court relied, in part, on Mr. Pastula’s affidavit in opposition to the motion and found that material questions of fact existed such as whether a cone had been placed outside of the room in which plaintiff fell and, if so, where the cone may have been placed. Another triable issue included whether the floor was wet at the time of The accident.
Accepting defendant’s assertion upon this motion to reargue that nonparty Mr. Pastula was in fact personally served with the initial motion papers wherein, among other things, disclosure of Mr. Pastula’s medical records was sought, the court hereby grants reargument.
Upon reargument and addressing the application on the merits, the court adheres to its original determination wherein, among other things, disclosure of Mr. Pastula’s medical records and summary judgment in favor of defendant was denied.
Where the mental or physical condition of a party or his or her agent is in controversy, a litigant may serve notice pursuant to CPLR 3121 requiring that party or the agent to submit to a medical examination or to disclose for inspection relevant hospital and medical records. A properly served nonparty may be directed to do the same (CPLR 3121 [b]) where such disclosure is otherwise permitted.
“The initial burden of proving that a party’s physical [or mental] condition is ‘in controversy’ is on the party seeking the information and it is only after such an evidentiary showing *557 that discovery may proceed under the statute” (Dillenbeck v Hess, 73 NY2d 278, 287, citing Koump v Smith, 25 NY2d 287, 300). Even then, however, “discovery still may be precluded if the requested information is privileged and thus exempted from disclosure (CPLR 3101 [b]),” absent a valid waiver (Dillenbeck v Hess, supra, at 287, citing CPLR 4504 [a]; Koump v Smith, supra, 25 NY2d, at 294, supra; 5 Weinstein-Korn-Miller, NY Civ Prac 4504.19; Fisch, NY Evidence § 554 [2d ed]).
Here, defendant has failed to satisfy its threshold burden. Neither by virtue of Mr. Pastula’s status as a witness nor upon his submission of an affidavit in opposition to defendant’s summary judgment motion has Mr. Pastula affirmatively placed his physical or mental condition in controversy such as to effect a waiver of his physician/patient privilege so as to allow disclosure of his medical records (see, Dillenbeck v Hess, supra; Matter of Giffone v DeBuono, 263 AD2d 713, 715 [3d Dept 1999] [a physician charged with one-on-one misconduct who is “ ‘afforded great latitude in questioning * * * accusers’ ” is not entitled to disclosure of one of his accusor’s otherwise protected medical records; a mere witness does not place his or her mental condition in controversy]; Navedo v Nichols, 233 AD2d 378 [2d Dept 1996] [physical condition of a defendant driver in an action for personal injuries not “in controversy’ even to the limited extent of directing in camera review of hospital records to determine blood alcohol content]; People v Hickey, 133 AD2d 421, 422-423 [2d Dept 1987] [privileged communication not waived by witness’ submission to cross-examination regarding her mental illness]). Mr. Pastula has also affirmatively interposed his physician/patient privilege in anticipation of this request for disclosure. Just as one’s voluntary trial testimony on behalf of a party does not place “in controversy” that person’s mental or physical condition so as to allow potential disclosure of his or her medical records (see, Matter of Giffone v DeBuono, 263 AD2d 713, supra), so, too, a nonparty does not open himself or herself to such exposure by submitting an affidavit to the court in support of, or in opposition to, a summary judgment motion.
Defendant’s contention that a nonparty somehow forfeits the privilege upon the submission of an affidavit in opposition to a summary judgment motion is advanced without the benefit of authority and is rejected by this court. A different result is not warranted by virtue of the fact that the privilege presents an obstacle to defendant’s access to potentially legally pertinent information that may assist it in countering the opposition to *558 its summary judgment motion or that may assist it in its general defense to plaintiffs claim. Such a result is “inherent in the very nature of an evidentiary privilege” (Dillenbeck v Hess, 73 NY2d 278, 289, supra). “Were [the Court] to carve out an exception to the privilege whenever it inhibited the fact-finding process, it would quickly become eviscerated” (id., at 289).
Based upon the foregoing, upon reargument, the court adheres to its prior determination denying disclosure of nonparty Pastula’s medical records, be such disclosure for purposes of opposing defendant’s summary judgment motion or for more generalized trial purposes. Consequently, the court also adheres to all aspects of its earlier determination, including the denial of the summary judgment motion. Finally, the motion for a stay of the trial is denied as moot.