■ In the Matter of RAPHAEL BAZIN, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [754 NYS2d 446] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Pursuant to a 1997 consent order, petitioner's license to practice medicine was suspended for two years with the suspension stayed and petitioner placed on probation. One term of probation required petitioner to fully conform to all proper standards of professional conduct. In July 2000, petitioner was charged with violating probation by engaging in numerous acts of professional misconduct, including inappropriately diagnosing and excessively treating five patients and fraudulently billing insurance companies for such services. A Hearing Committee of the State Board for Professional Medical Conduct sustained nearly all charges of professional misconduct, found that he violated probation and revoked his license to practice medicine. Upon administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) modified only insofar as it imposed an additional monetary penalty. This proceeding pursuant to CPLR article 78 challenging the ARB's determination ensued.

To the extent preserved for review, none of the contentions advanced by petitioner has merit and only a handful warrant discussion by this Court. As to petitioner's claim that the Hearing Committee was improperly convened under Public Health Law § 230 (6) since it contained a physician's assistant, the Court of Appeals has recently spoken on this precise issue and ruled that a physician's assistant does constitute a lay member for the purpose of that statute (*see Matter of Orens v Novello,* 99 NY2d 180). Next, patently without merit is the claim that the Hearing Committee proceeded in excess of jurisdiction because it "acted as an ordinary professional misconduct committee," as opposed to a "violation of probation hearing

committee." The sole basis for this assertion—an obvious typographical error in the first line of the Hearing Committee's decision (instead of referencing Public Health Law § 230 [19] in the decision, it referenced Public Health Law § 230 [10])—is not well taken. To be sure, every other written and oral statement in the record reveals that all parties clearly understood that the matter involved a probation violation proceeding, and this Court is surely not inclined to reverse the ensuing administrative determination of guilt on the jurisdictional ground advanced by petitioner because of a mere clerical error.

While petitioner also claims that his due process rights were violated by ineffective assistance of counsel, we need only note that he had no constitutional right to effective counsel at the hearing (*see e.g. Matter of Alexander v State Bd. for Professional Med. Conduct*, 287 AD2d 918, 919; *Matter of Chime v DeBuono*, 260 AD2d 733, 735; *Matter of Lewis v DeBuono*, 257 AD2d 787, 788; *Matter of Post v State of New York Dept. of Health*, 245 AD2d 985, 986). Similarly unavailing is the claim that Public Health Law § 230 (10) (f), insofar as it provides that guilt of the fraud charges could be established by a preponderance of the evidence, is unconstitutional (*see Matter of Giffone v DeBuono*, 263 AD2d 713). As to the ARB's determination that petitioner committed numerous acts of professional misconduct which, in turn, violated the terms of his probation, we find that it has a rational basis supported by facts (*see e.g. Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 936-937, *lv dismissed* 88 NY2d 1052).

According to the only witness who testified at the hearing, a physician board-certified in orthopedic surgery who reviewed petitioner's records for the five subject patients, petitioner incorrectly diagnosed each of the patients and deviated from acceptable standards of medicine by excessively treating each of them. The record further confirms that petitioner then billed insurance companies for these unwarranted services. The determination finding petitioner guilty of professional misconduct and revoking his license was certainly rationally based (*see Matter of Larkins v DeBuono*, 257 AD2d 714, 715-716). Nor are we persuaded that the determination was made in violation of any lawful procedure, affected by any error of law or in any way arbitrary or capricious (*see e.g. Matter of White v New York State Bd. for Professional Med. Conduct*, 277 AD2d 608, 610, *lv denied* 96 NY2d 716). Finally, the ARB was within its authority to impose an additional penalty (*see Matter of Kabnick v Chassin*, 89 NY2d 828, 829-830) and that increased penalty (i.e., a $5,000 fine) was not shocking to one's sense of

fairness (*see Matter of Larkins v DeBuono, supra; Matter of Pathak v DeBuono*, 251 AD2d 819).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.