■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SETTLES, Appellant. [768 NYS2d 816]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 29, 2001, convicting defendant, upon his plea of guilty, of criminal sale of a firearm in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea after a suitable inquiry at which defendant received a sufficient opportunity to present his contentions (*see People v Frederick*, 45 NY2d 520 [1978]). The court properly relied on its recollection of the plea proceedings and correctly rejected defendant's claim that the voluntariness of his plea was impaired by the medication he was taking (*see People v Alexander*, 97 NY2d 482 [2002]). Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.

■ JOHN REITER, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. [768 NYS2d 815]—Order, Supreme Court, New York County (Joan Madden, J.), entered on or about May 22, 2002, which denied petitioner employee's application seeking, inter alia, to annul a negative evaluation of petitioner by his supervisor that was upheld after undergoing respondent employer's appeal process, and directed entry of judgment dismissing the petition, unanimously affirmed, without costs.

Petitioner's claim that respondent did not follow its own appeal process was waived by his failure to object to the alleged irregularities in the process at the time they were committed (*see Matter of Kabnick v Chassin*, 223 AD2d 935, 936 [1996], *affd* 89 NY2d 828 [1996]), or indeed at any time before the process had concluded. We have considered and rejected petitioner's other arguments. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.