Matter of Poulard v Southside Hosp. (2019 NY Slip Op 53956)





Matter of Poulard v Southside Hosp.


2019 NY Slip Op 53956


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

529197

[*1]In the Matter of the Claim of Dannie Poulard, Appellant,
v
Southside Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Robert W. Manning of counsel), for Southside Hospital and another, respondents.

Stewart, Greenblatt, Manning & Baez, Syosset (Robert W. Manning of counsel), for Southside Hospital and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2019, which ruled that claimant was required to produce evidence of labor market attachment.
Claimant, a nurse attendant, established a claim for injuries to her left shoulder and neck stemming from a 2011 work-related incident. Following a series of hearings, claimant was awarded workers' compensation benefits for periods of lost time at various rates of compensation. By decision filed March 9, 2015, a Workers' Compensation Law Judge (hereafter WCLJ) found claimant to be permanently totally disabled as a result of the work-related injury. On March 30, 2015, claimant underwent preapproved neck surgery, which was paid for by the employer's workers' compensation carrier. Thereafter, the employer and its carrier (hereinafter collectively referred to as the carrier) appealed the WCLJ's decision. By decision filed December 3, 2015, the Workers' Compensation Board found that claimant waived her opportunity to produce medical evidence of permanency by failing to submit a completed doctor's report of permanent impairment. Furthermore, the Board found that claimant suffered no further causally-related disability after November 17, 2014 and, therefore, the issue of attachment to the labor market, which had been raised by the carrier as early as 2013, was moot. Claimant's application for reconsideration and/or full Board review was denied.
On March 10, 2017, claimant underwent left shoulder surgery, which the carrier also paid for in full. Thereafter, claimant sought awards for further causally-related disability for the period of time after the March 30, 2015 neck surgery. The carrier maintained that claimant must first establish attachment to the labor market prior to the two surgeries in order to be eligible for further awards of benefits. The WCLJ found that it was bound by the December 3, 2015 Board decision that claimant had no further causally-related disability after November 17, 2014 and, therefore, made no award, but directed further development of the record by claimant on the issue of labor market attachment. Upon administrative review, the Board, in a split decision, found that, although the prior finding of no further causally-related disability was not an impediment to consideration of awards based upon claimant's subsequent causally-related surgical procedures, further development of the record was needed on the issue of claimant's attachment to the labor market prior to any award of benefits. Following full Board review, the WCLJ's decision was affirmed.[FN1] Claimant appeals.
Generally, a claimant must demonstrate attachment to the labor market where he or she is classified with a permanent partial disability (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]; Matter of Bloomingdale v Reale Construction Co. Inc., 161 AD3d 1406, 1407 [2018]; Matter of Walker v Darcon Const. Co., 142 AD3d 740, 741 [2016]). Here, the most recent decision regarding claimant's disability classification and request for benefits was the Board's December 3, 2015 decision, which found that claimant suffered no further causally-related disability after November 17, 2014, rendering any finding with regard to labor market attachment moot. In connection with claimant's current request for further awards of benefits based upon the causally-related disability resulting from the surgical procedures, neither the WCLJ nor the Board made any findings as to the nature and degree of claimant's current disability. As there has been no finding of any permanent partial disability, the Board's directive that claimant must demonstrate attachment to the labor market is premature (see e.g. Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1293 [2018]; Matter of Brady v Northeast Riggers & Erectors, 132 AD3d 1226, 1227 [2015]; Matter of Peck v James Sq. Nursing Home, 34 AD3d 1033, 1034 [2006]). Further, we also note that the Board's reliance on Matter of Bacci v Staten Is. Univ. Hosp. (32 AD3d 582 [2006]) is also premature as there has been no rescission of claimant's award of benefits based upon a finding of any voluntary withdrawal from the labor market. In view of the foregoing, claimant's remaining contentions need not be addressed.
Clark, Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We note that a review of the conclusion set forth in the full Board's January 15, 2019 decision reflects an obvious typographical error. Specifically, the Board concluded that the case is continued for claimant to produce evidence of labor market attachment subsequent to March 30, 2015. Every other written and oral statement in the record, the parties' arguments before the WCLJ and those advanced both on administrative appeal and on the instant appeal, as well as the full Board's factual findings, reveal that the parties clearly understood that the issue of labor market attachment involves the time period prior to the March 30, 2015 surgery — the date from which claimant seeks further causally-related disability benefits (see generally Bazin v Novello, 301 AD2d 975, 976 [2003]).