■ In the Matter of SUNG HO KIM, Petitioner, v BOARD OF

REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner was charged with professional misconduct in that he practiced the profession fraudulently (Education Law § 6509 [2]) and willfully made and filed false reports (8 NYCRR 29.1 [b] [6]). Following a hearing, petitioner was determined to be guilty of all the specifications and his license to practice medicine was revoked. Petitioner commenced this proceeding to annul that determination.

The charges arise out of applications submitted by petitioner to four separate New York City hospitals. In 1981 petitioner applied to St. Luke's Hospital Center for a pediatric residency stating that he had successfully completed prior intern and resident appointments when he had not. In 1982 he applied for employment at Flower Hospital and failed to list a prior internship and residency in the chronological listing of the prior employment portion of the application. In a 1983 application for appointment to the medical staff of Catholic Medical Center, petitioner omitted the same internship and residency and claimed that he was board eligible in pediatrics when he was not. Also in 1983, petitioner applied for appointment to the medical staff of Flushing Hospital and Medical Center. He again failed to indicate the prior internship and residency and claimed that he was a board eligible pediatrician. The evidence presented at the hearing demonstrated that petitioner was terminated from the aforesaid internship due to misconduct and that he had failed to successfully complete the above-mentioned residency. Petitioner did not deny the omissions and assertion, but explained that he failed to include the internship and residency because he had not finished his training in those two programs. He further explained that he believed that he was board eligible when he made that assertion.

Petitioner's explanations were rejected and it was found that petitioner intentionally concealed his prior employment and falsely represented that he was board eligible in pediatrics. This court is bound by those findings inasmuch as issues of witness credibility have been held to be exclusively for respondent Board of Regents (*Matter of Paul v Sobol,* 159 AD2d 839; *Matter of Reisner v Board of Regents,* 142 AD2d 22). Furthermore, petitioner's acts permit an inference of

guilty knowledge and intent as a factual determination *(see, Matter of D'Alois v Allen,* 31 AD2d 983, *appeal dismissed* 25 NY2d 908) and therefore, contrary to petitioner's assertion, substantial evidence supports the determination that petitioner fraudulently practiced the profession of medicine and willfully made and filed false reports.

Next, petitioner claims that the delay in prosecuting the charges in question so prejudiced him as to warrant annulment. We do not agree. Petitioner claims that the errors and omissions in the applications in question were the result of his poor grasp of the English language. He further claims that the extreme delay in filing the charges deprived the Hearing Committee of the opportunity to evaluate his language skills at or about the time the applications were prepared. The problem with this contention is that all of petitioner's explanations for the omissions and assertion, save one, were not based on any claimed language deficiency. As noted, petitioner claimed not to have included the omitted internship and residency because he had not finished his training in those programs and he explained that he claimed to be board eligible because he believed that he was. We can discern no actual prejudice to petitioner by the delay in filing the charges and therefore reject petitioner's argument in that regard.

Finally, petitioner urges as a basis for annulment that the punishment imposed is so disproportionate to the offenses as to be shocking to this court's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). We disagree. Petitioner points to our decision in *Matter of Kleiner v Sobol* (161 AD2d 987, *lv denied* 76 NY2d 709), in which a physician found guilty of conduct nearly identical to that in the case at bar had his license suspended for one year and the penalty stayed. Respondents cite to numerous cases of this court wherein we held that the *mere* fact that others guilty of the same conduct have escaped with lighter penalties does not justify a modification *(e.g., Matter of Ward v Ambach,* 141 AD2d 932). Given petitioner's repeated concealment of his employment history and misrepresentation of his medical credentials, we see no reason to disturb the penalty of license revocation imposed in this case.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.