■ In the Matter of THUC H. NGUYEN, Petitioner, v COMMISSIONER OF EDUCATION et al., Respondents. [622 NYS2d 145] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

A Hearing Committee of the State Board for Professional Medical Conduct sustained 12 specifications of professional misconduct that had been lodged against petitioner—four of moral unfitness to practice medicine, four of willfully harassing, abusing or intimidating a patient, and four of fraudulent practice—and ordered his license revoked. Petitioner commenced this CPLR article 78 proceeding challenging the determination, arguing that the Hearing Committee's findings are not supported by substantial evidence in the record and that the penalty imposed is unduly harsh.

Bearing in mind that the Hearing Committee's assessments of witness credibility are entitled to considerable deference *(see, e.g., Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 984-986; *Matter of Briggs v Board of Regents*, 188 AD2d 836, 838, *lv denied* 81 NY2d 708), we find that the record evidence amply justifies the Hearing Committee's findings of misconduct. Each of the four patients who testified indicated that petitioner had engaged in conduct that was clearly inappropriate for a medical examination, sexually abusive and

intimidating. Moreover, as the Hearing Committee noted, "[n]one of the [p]atients knew each other; they had no apparent reason to conspire against [petitioner] and they registered four independent complaints against him". Each of the patients was found to be "very credible", and our vetting of their testimony confirms this assessment.

As for the charges of fraud, petitioner does not dispute that on several occasions, when applying for employment and hospital admitting privileges, he made certain misleading statements about an earlier disciplinary proceeding, but insists that the evidence does not establish an intent to deceive. We disagree. Notably, the documentary evidence discloses four different instances when petitioner misstated the reason for his previous license suspension, and submitted, in "explanation" thereof, only selected, exculpatory pages of the Hearing Committee report from that proceeding, despite the fact that the Board of Regents later modified the Hearing Committee's findings and determination and found petitioner guilty of several of the specifications. In addition, on two of the applications, petitioner omitted from his curriculum vitae any reference to the employment that led to the former charges. Taken together, these facts provide ample support for the Hearing Committee's finding that petitioner "knowingly and intentionally" attempted to mislead potential employers with respect to the true nature of and basis for the prior disciplinary action *(see, Matter of Van Gaasbeek v Chassin,* 198 AD2d 572, 574, *lv denied* 82 NY2d 665; *Matter of Sung Ho Kim v Board of Regents,* 172 AD2d 880, 881-882, *lv denied* 78 NY2d 856).

And, given the seriousness of petitioner's offenses, and the fact that he has previously been disciplined for similar conduct, the penalty of revocation was not unwarranted *(see, Matter of Glassman v Commissioner of Dept. of Health of State of N. Y.,* 208 AD2d 1060, 1061; *Matter of Finelli v Chassin,* 206 AD2d 717, 719).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.