■ In the Matter of MacLean Jadoo, Petitioner, v Barbara DeBuono, as Commissioner of the New York State Department of Health, et al., Respondents. [651 NYS2d 738] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice as a physician's assistant in New York.

Petitioner, licensed as a physician's assistant in 1993, was charged with several specifications of misconduct based upon allegations that he had verbally and/or sexually abused five patients, and that he had knowingly made false statements on employment applications. After a hearing, the abuse and moral unfitness charges were not sustained but petitioner was found guilty of fraudulent practice for having failed to disclose, on several occasions, his prior employment at Elmhurst Hospital (from which he had been terminated due to the complaints of four of the patients) and having affirmatively misrepresented, on one occasion, the reason for his termination therefrom. The Hearing Committee suspended petitioner's license for three years, but stayed the suspension and imposed probationary conditions for the three-year period.

Upon respondent's appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the Hearing Committee's conclusions with respect to each of the charges, but found the penalty inadequate. Characterizing petitioner's transgressions—which occurred in the very first year of his licensure—as a "pattern of fraudulent conduct", indicative of a lack of integrity and finding no indication in the record that he could be rehabilitated, the ARB revoked his license. Petitioner seeks annulment of the ARB's determination, contending primarily that the penalty imposed, revocation, is too severe.

The fact that petitioner was eventually exonerated of all

charges arising from the assertedly abusive conduct which precipitated his dismissal from Elmhurst does not change the fact, as found by the Hearing Committee, that petitioner knew he was terminated due to patient complaints and yet purposefully concealed that information (or even gave an entirely untrue alternate account) when dealing with prospective employers. Neither petitioner's purported lack of knowledge of the exact accusations that had been made against him nor his belief that those accusations were unfounded or that his termination was unjustified, even if ultimately proven correct, excuses in any way his failure to disclose his termination or the knowledge he did have of the reasons therefor.

Nor is the penalty of revocation, in this instance, "so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Chua v Chassin*, 215 AD2d 953, 956, *lv denied* 86 NY2d 708; *see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). The charges that were sustained demonstrate a conscious attempt on petitioner's part to place his own interests above those of his prospective patients and employers, and fully justify the Board's conclusion that he "lacks the integrity to practice as a [p]hysician's [a]ssistant" (*see, Matter of Glassman v Commissioner of Dept. of Health of State of N. Y.*, 208 AD2d 1060, 1061, *lv denied* 85 NY2d 801; *Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 986; *Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, *lv denied* 78 NY2d 856). Moreover, the fact that petitioner affirmatively lied about the reason for his termination refutes his claim that he was merely attempting to follow the direction given by a superior at Elmhurst to refrain from listing that facility as a reference.

While there are mitigating factors, including petitioner's lack of experience and his general reputation as an honest, hardworking and, in most respects, skilled practitioner, his continuing denial of culpability and lack of remorse, as well as the fact that he continued to distort the truth to serve his own ends, even when testifying under oath, provide sufficient basis for the ARB's findings that attempts at rehabilitation are not likely to be successful (*see, Matter of Singla v New York State Dept. of Health*, 229 AD2d 798, 800; *Matter of Sung Ho Kim v Board of Regents, supra*, at 881; *cf., Matter of Ward v Ambach*, 141 AD2d 932, 933).

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.