■ In the Matter of SHAFI A. BEZAR, Petitioner, v BARBARA DeBuono, as Commissioner of the Department of Health of State of New York, et al., Respondents. [659 NYS2d 547] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In August 1995, the State Board for Professional Medical Conduct (hereinafter BPMC) filed an amended statement of charges against petitioner, a board-certified surgeon, charging him with 24 specifications of professional misconduct stemming from his treatment of six patients and false statements he made on two applications for reappointment to a hospital's

staff. Following an evidentiary hearing, the Hearing Committee on Professional Conduct (hereinafter Committee) sustained all of the specifications* and ordered that petitioner's license be suspended for 24 months, with 21 months of such suspension stayed, and that petitioner practice on probation. In addition, the Committee imposed a $10,000 fine. Petitioner's appeal to the Administrative Review Board (hereinafter ARB) was unsuccessful in that, besides sustaining the Committee's determination, the ARB overturned its penalty and revoked petitioner's medical license. This CPLR article 78 proceeding ensued.

Petitioner's challenge is limited to the penalty of revocation which he claims is so disproportionate to the offense as to be shocking to one's sense of fairness, particularly since comparable cases adjudicated by BPMC resulted in the imposition of less severe penalties. This argument is unavailing for we have made it clear that penalties imposed in other cases are irrelevant because each case must be judged on its own peculiar facts and circumstances (*see, Matter of Gonzalez v New York State Dept. of Health*, 232 AD2d 886, 890-891; *Matter of Siddiqui v New York State Dept. of Health*, 228 AD2d 735, 738, *lv denied* 89 NY2d 804; *Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 937, *lv dismissed* 88 NY2d 1052; *Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 986).

Next, petitioner, citing *North Carolina v Pearce* (395 US 711), maintains that his due process rights were violated by the ARB's alleged practice of never reducing but generally increasing a penalty, which petitioner claims renders the review available under Public Health Law § 230-c (4) (b) meaningless and has a chilling effect on a licensee contemplating an administrative appeal. The rule that has emerged from *Pearce* and its progeny is that the Due Process Clause is not offended by all possibilities of an enhanced penalty following an appeal, but only by those that pose a realistic likelihood of " 'vindictiveness' " (*Blackledge v Perry*, 417 US 21, 27). Here, in contrast to *Pearce* where the court that imposed the increased sentence after retrial was the same one whose original judgment prompted an appellate reversal, the element of vindictiveness is not present since the Committee and the ARB are composed of different individuals. Thus, we find no abridgement of petitioner's due process rights.

---

* The sustained specifications are: practicing the profession of medicine both with negligence on more than one occasion and incompetence, excessive testing and treatment, failing to maintain an adequate record, fraudulent practice and filing a false report.

We now reach petitioner's ultimate argument that the penalty of revocation is excessive. Taking into account that fraudulent conduct standing alone is sufficient to uphold the penalty of revocation (*see, Matter of Glassman v Commissioner of Dept. of Health*, 208 AD2d 1060, 1061, *lv denied* 85 NY2d 801), we have no difficulty sustaining the penalty when such conduct is coupled with negligence on more than one occasion and incompetence. We note that petitioner's contention that the ARB did not consider the possibility of rehabilitation is belied by the ARB's statement that "neither retraining nor continuing medical education can correct [petitioner's lack of integrity]".

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.