■ In the Matter of JOSEPH P. SALDANHA, Petitioner, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [681 NYS2d 874] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In this CPLR article 78 proceeding, petitioner, an orthopedic surgeon, challenges a determination of respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Board) finding him guilty of four specifications of moral unfitness to practice medicine (Education Law § 6530 [20]), four specifications of willfully filing a false report (Education Law § 6530 [21]), four specifications of practicing medicine fraudulently (Education Law § 6530 [2]) and one specification of being convicted of an act constituting a crime under New York law (Education Law § 6530 [9] [a] [i]). The first 12 specifications stem from false statements petitioner made concerning his West Virginia disciplinary history in applications for registration with the Education Department and for privileges at two New York hospitals; the final specification arises out of an unrelated firearm conviction. In making its determination of guilt, the Board specifically rejected the opinion of petitioner's expert witness, a psychiatrist, that petitioner was suffering from depression at the time the false statements were made and that petitioner therefore lacked the requisite intent to falsify. Petitioner's primary contention in this proceeding is that the Board was legally bound by that expert opinion and erred in rejecting it. We disagree.

Under the applicable standard of review, i.e., "whether the [Board's] determination was arbitrary and capricious, affected by error of law or an abuse of discretion" (*Matter of Chua v Chassin*, 215 AD2d 953, 954, *lv denied* 86 NY2d 708), our inquiry is "whether the administrative determination has a rational basis supported by fact" (*id.*, at 954-955). In making such inquiry, we do not resolve credibility issues or weigh the testimony of expert witnesses, issues which are solely within the province of the administrative fact finder (*see, id.*, at 955; *Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* 516 US 861; *Matter of Santasiero v Sobol*, 199 AD2d 835, 836, *lv denied* 83 NY2d 754). In view of the record evidence that petitioner's expert had seen him only twice shortly before the hearing and made no attempt to obtain independent information about petitioner's prior circumstances in West Virginia, the Board's rejection of the expert's opinion concerning petitioner's mental state approximately $4^{1}/_{2}$ years prior to the consultation as "unconvincing" and entitled to no weight constituted an appropriate exercise of its factfinding authority. In addition, the uncontroverted evidence as to petitioner's awareness of the true state of facts at the time he gave the false responses was sufficient to support the inference of guilty knowledge and intent, thereby providing a sufficient factual predicate for the Board's determination (*see, Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990, 992; *Matter of Berger v Board of Regents*, 178 AD2d 748, 751, *lv denied* 80 NY2d 918, *cert denied* 507 US 1018; *Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, 881-882, *lv denied* 78 NY2d 856).

We are also unpersuaded by the contention that the penalty of revocation of petitioner's license to practice medicine is so grossly disproportionate to his offenses as to be shocking to our sense of fairness, particularly in view of petitioner's conduct in repeatedly concealing his employment history and misrepresenting his medical credentials (*see, Matter of Sung Ho Kim v Board of Regents, supra,* at 882; *Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875, 876).

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.