■ In the Matter of MICHAEL G. DOLIN, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [711 NYS2d 261] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which, inter alia, revoked petitioner's license to practice medicine in New York.

In 1995, petitioner, a physician, admitted that he had violated various provisions of the Public Health Law by overprescribing Precoset, a controlled substance, to his wife and consented to respondent's entry of an order placing him on probation for four years. The consent order required petitioner

to, among other things, (1) notify the Office of Professional Medical Conduct (hereinafter OPMC) of any employment or practice of medicine in which he was engaged, (2) obtain a practice monitor approved in advance by OPMC to oversee his prescribing, dispensing, inventorying and wasting of controlled substances, (3) notify OPMC prior to engaging in the practice of medicine, (4) conduct himself in a manner befitting his professional status and conform fully to the moral and professional standards of conduct imposed by law and by his profession, and (5) comply with all terms of his probation. Petitioner relocated to North Carolina in July 1995 and his probation was therefore tolled until his return to the practice of medicine in New York in early 1997.

In August 1998, OPMC charged petitioner with 18 specifications of professional misconduct based upon alleged violations of the 1995 consent order. Specifically, petitioner was charged with one count of professional misconduct by reason of having been found guilty of improper professional misconduct by another State, one count of professional misconduct by reason of his filing a false statement concerning credentials in an application for hospital privileges, and four charges each of professional misconduct by reason of fraudulent practice, willful or grossly negligent failure to comply with substantial provisions of law governing the practice of medicine, violating terms of probation and moral unfitness. Following a hearing, a Hearing Committee of respondent sustained each of the 18 charges of professional misconduct and imposed the penalty of revocation of petitioner's license to practice medicine in New York, a determination challenged by petitioner in this CPLR article 78 proceeding.

Initially, we reject the contention that the penalty imposed, i.e., revocation of petitioner's license to practice medicine, was excessive. It is settled law that the penalty imposed by an administrative agency will be upheld unless it is "so disproportionate to the violation sustained as to shock one's sense of fairness" (*Matter of Corines v State Bd. for Professional Med. Conduct*, 267 AD2d 796, 800, *lv denied* 95 NY2d 756). Here, the Hearing Committee sustained each of the 18 specifications of professional misconduct finding that petitioner received a reprimand from the North Carolina Medical Board because he committed fraud before its Board on three separate occasions by falsely representing that he was unaware of any investigation of him by a governmental or medical agency. The Hearing Committee further found that petitioner engaged in the practice of medicine in violation of the terms and conditions of

his consent order in that he failed to provide OPMC with a complete listing of all employment and practice in which he was engaged, failed to obtain a practice monitor approved in advance by OPMC, failed to give advance notice to OPMC that he was actually engaging in the practice of medicine in New York, failed to practice his profession in full compliance with every term of his probation although notified by OPMC that he was in violation of the terms and conditions of his consent order, and continued to practice medicine in violation of the terms and conditions of his probation.

In addition,. the Hearing Committee determined that petitioner knowingly misrepresented the terms of his probation in an application for medical privileges at a hospital, improperly wrote prescriptions in New York for controlled substances using his North Carolina Federal Drug Enforcement Agency registration number, and misrepresented his practice locations to the Drug Enforcement Agency. The Hearing Committee determined that based upon the above findings, petitioner failed to adhere to the law, rules of practice and the principles of truthfulness required for the practice of medicine.

This Court has upheld revocation of medical licenses for similar misrepresentations and violations (*see, Matter of Saldanha v DeBuono*, 256 AD2d 935, 936; *Matter of Glassman v Commissioner of Dept. of Health*, 208 AD2d 1060, 1061-1062, *lv denied* 85 NY2d 801). "Although the failings of petitioner[ ] as documented in this record did not result in injury to any patient, there is no legal requirement that injury be established before disciplinary sanctions can be imposed" (*Matter of Corines v State Bd. for Professional Med. Conduct, supra*, at 800). Based on the totality of the offenses sustained against petitioner, we conclude that the penalty imposed is not unduly harsh.

Petitioner's remaining contentions do not warrant extended discussion. First, notwithstanding the clearly incorrect statement in the Hearing Committee's decision and order that "[petitioner] testified and called no other witnesses", the balance of the decision demonstrates that the Hearing Committee considered the testimony of petitioner's witnesses. Second, we reject the contention that the provision of Education Law § 6530 (20) prohibiting "[c]onduct in the practice of medicine which evidences moral unfitness to practice medicine" is unconstitutionally vague. The statute provides sufficient notice of what conduct is prohibited and is not written in such a manner as to permit or encourage arbitrary and discriminatory enforcement (*see, People v Bright*, 71 NY2d 376, 382). Contrary

to petitioner's assertion, it is our view that a physician of normal intelligence would understand and be on fair notice that the making of false statements on applications for hospital privileges and to licensing boards has a direct bearing on the applicant's ability to practice medicine (*see, Matter of Abdelmessih v Board of Regents*, 205 AD2d 983). We therefore conclude that petitioner has failed to overcome the strong presumption of constitutionality that attaches to the statute (*see, People v Tichenor*, 89 NY2d 769, 773, *cert denied* 522 US 918). Petitioner's remaining contentions have been considered and found to be similarly lacking in merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.