■ In the Matter of MONROE HARRIS, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of the New York State Department of Health, et al., Respondents. [714 NYS2d 365] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Following a hearing, a Hearing Committee for the State Board for Professional Medical Conduct (hereinafter BPMC) issued a determination sustaining six charges of fraudulent practice, six charges of making or filing a false statement, two charges of failure to maintain adequate patient records, and charges of negligence and incompetence in the treatment of two patients by petitioner, a licensed physician. Citing the number and nature of the sustained charges, the Hearing Committee imposed a penalty of license revocation. On appeal, re-

spondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained both the Hearing Committee's findings of professional misconduct and the penalty of license revocation, a determination challenged by petitioner in this CPLR article 78 proceeding.

Initially, we reject petitioner's contention that the charges of fraudulent practice and making or filing false reports should not have been sustained. Specifically, petitioner answered "No" to questions on three applications for reappointment to hospital staff positions in September 1990, December 1991 and September 1992 asking if he had been disciplined or investigated for professional misconduct. In fact, as the Hearing Committee found and petitioner does not dispute, he had been aware that, since September 1989, he was the subject of an ongoing investigation by the Bureau of Controlled Substances of respondent Department of Health concerning his prescription record-keeping and dispensing of certain controlled substances stored in his office for patients' use. In November 1992, petitioner entered into a stipulation and order to conclude the Bureau's investigation. In that document, defendant admitted that between July 1987 and October 1989, he had dispensed controlled substances from his office without proper practitioner-identifying information, in violation of 10 NYCRR 80.72 (a) (2), for which he was sanctioned with a fine.

In a fourth hospital application in September 1994, petitioner again denied having been previously sanctioned or that he was currently under investigation. However, this application was submitted two days after he had signed a consent order to settle an investigation by BPMC, resulting in the penalties of a stayed two-year suspension of his license, a two-year period of probation and an additional fine. Immediately following the expiration of this probationary period, in November 1996, petitioner applied for renewal of his medical license, stating that his hospital privileges had never been restricted or terminated. In fact, his application for reappointment to a hospital staff had been denied in March 1996 due to his failure to disclose his prior sanctions.

Upon review, we are limited to an assessment of whether the administrative determination is " 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593, quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807), and our primary focus is on whether the determination had a "rational basis supported by fact" (*Matter of Chua*

*v Chassin*, 215 AD2d 953, 954-955, *lv denied* 86 NY2d 708). This standard is met by the evidence in the record supporting the ARB's finding of intentional misrepresentation, a necessary element of the charges of fraudulent practice and making and filing a false report (*see, Matter of Schoenbach v DeBuono*, 262 AD2d 820, 822, *lv denied* 94 NY2d 756; *Matter of Berger v Board of Regents*, 178 AD2d 748, 751, *appeal dismissed* 79 NY2d 977, *lv denied* 80 NY2d 918, *cert denied* 507 US 1018).

Petitioner's assertions that the documents in question were too difficult for him to understand because he suffers from various learning disabilities and that he thought his failure to be reappointed did not constitute a termination of privileges that had to be listed on his fourth hospital staff application are unavailing here. The administrative finder of fact is "free to reject [a] petitioner's explanations" or excuses for false answers on applications, and so long as its determination is not arbitrary or capricious, it will be confirmed (*Matter of Radnay v Sobol*, 175 AD2d 432, 433; *see, Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 986). Similarly unavailing is petitioner's contention that he should have been permitted to present the allegedly favorable results of a polygraph test at the underlying hearing to confirm that he did not intend to file false reports, as such test results are inadmissible in evidence in this State (*see, Matter of Lessoff*, 231 AD2d 229, 230, *appeal dismissed* 90 NY2d 930).

The record further provides a substantial basis for the sustained charges of negligence and incompetence. Evidence before the Hearing Committee established that petitioner failed to elicit an adequate medical history in regard to two of his patients and that he failed either to perform an adequate physical examination or to give these patients appropriate treatment. Petitioner had inappropriately prescribed potentially addictive appetite-suppressing drugs over an extended period to one patient who was not overweight and to another patient who was suffering from heart disease, and he neglected to maintain medical records that accurately reflected his care and treatment of these patients. We reject petitioner's contention that his successful completion of an earlier two-year term of probation estops any further review of charges relating to these patients. The doctrine of estoppel will bar a governmental agency from carrying out its statutory duties only in the rarest cases (*see, Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 936, *lv dismissed* 88 NY2d 1052). This is not such a case, for none of the documents relating to petitioner's probation suggests that BPMC ever approved of or endorsed in

any way the medical care provided specifically to these patients.

Finally, in reviewing petitioner's contention that the sanction of license revocation was excessive and constitutes an abuse of the ARB's discretionary powers, we note that the penalty imposed by an administrative agency will be upheld unless it is "so disproportionate to the violation sustained as to shock one's sense of fairness" (*Matter of Corines v State Bd. for Professional Med. Conduct*, 267 AD2d 796, 800, *lv denied* 95 NY2d 756). Here, the ARB sustained multiple charges of fraudulent misrepresentation of relevant facts directly related to petitioner's practice of medicine and multiple charges of negligence and incompetence. Inasmuch as the charges of fraudulent conduct alone are sufficient to uphold the penalty of revocation (*see, Matter of Glassman v Commissioner of Dept. of Health*, 208 AD2d 1060, 1061, *lv denied* 85 NY2d 801), we decline to disturb the imposition of that penalty in this matter, which also included findings of negligence and incompetence (*see, Matter of Bezar v DeBuono*, 240 AD2d 978, 980).

Mercure, J. P., Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.