■ In the Matter of ELLIOT S. COHEN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, RICHARD F. DAINES, Commissioner, Respondent. [883 NYS2d 662]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, suspended petitioner's license to practice medicine in New York.

A Hearing Committee of the State Board for Professional Medical Conduct sustained 58 of 78 charges of professional misconduct against petitioner, a Canadian physician holding a temporary limited license to practice obstetrics and gynecology in the Town of Watertown, Jefferson County. The charges, which include negligence on more than one occasion, violation of state laws and regulations, and practice beyond the scope of his license, were based primarily upon petitioner's involvement with a company that dispensed prescription drugs through the Internet. After petitioner alleged that he had never read his contract with the Internet company and conceded that the contract obligated him to issue prescriptions, the Committee rejected his claim that in reviewing 50,000 Internet questionnaires requesting prescriptions, he had believed he was engaged only in quality control. In light of petitioner's otherwise unblemished record in his medical practice, the Committee voted to only censure and reprimand him, and imposed a $10,000 fine. Upon cross applications for review, the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) sustained the Committee's determination of the charges, but increased the penalty by suspending petitioner from practicing medicine for three years, with all but the first three months stayed, and imposing a fine of $30,000. Petitioner then commenced this CPLR article 78 proceeding to annul the penalty determined by the ARB and reinstate that imposed by the Committee.

Initially, we are unpersuaded by petitioner's contention that the ARB's determination is a nullity because one of its five members took no part in the proceedings. Since the Court of Appeals has held that three of the ARB's members constitute a quorum (see Matter of Wolkoff v Chassin, 89 NY2d 250, 256 [1996]; Matter of Bing Tang v DeBuono, 235 AD2d 745, 745-746

[1997]), we find no jurisdictional defect in the ARB's composition.

Petitioner also contends that the ARB's penalty is harsh and excessive in light of his allegedly unwitting participation in the on-line prescription scheme and current remorse for his actions. We disagree. The ARB is empowered to impose a harsher penalty than the Committee, and such penalty will only be disturbed if it is so disproportionate to the offense that it is shocking to one's sense of fairness (*see Matter of Kleinplatz v Novello*, 46 AD3d 1134, 1135 [2007]; *Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 525 [2004]). Here, in light of petitioner's incredible claim that forms bearing his signature were not prescriptions, his conduct constituting negligence and violation of the clear terms of his license over a two-year period, the 50,000 prescriptions involved and the $100,000 of income he derived, the ARB's penalty was appropriate (*see Matter of Gross v New York State Dept. of Health*, 277 AD2d 825, 829 [2000]). Petitioner's contention that his stayed suspension also risks public health because it may render him ineligible for payment under certain governmental health care programs is not preserved for our review because he did not raise it before the ARB when the Bureau of Professional Medical Conduct sought review of the Committee's penalty (*see Matter of Rattray v Novello*, 46 AD3d 953, 954 [2007]; *Matter of Moore v State Bd. for Professional Med. Conduct*, 258 AD2d 837, 844 [1999]). We have considered petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.