*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    520837
_____

In the Matter of PAVEL KULIK,
                    Petitioner,

       v                                  MEMORANDUM AND JUDGMENT

HOWARD A. ZUCKER, as
    Commissioner of Health,
                    Respondent.
_____

Calendar Date:  September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                    _____


       Wood & Scher, White Plains (Anthony Z. Scher of counsel),
for petitioner.

       Eric T. Schneiderman, Attorney General, New York City
(Bradford S. Glick of counsel), for respondent.

                    _____


Rose, J.

       Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Public Health Law § 230-c [5]) to review a
determination of the Hearing Committee of the State Board for
Professional Medical Conduct revoking petitioner's license to
practice medicine in New York.

       In 2009, the Bureau of Professional Medical Conduct charged
petitioner, a physician licensed to practice medicine in New
York, with three specifications of professional misconduct
alleging that he, among other things, committed negligence on
more than one occasion, ordered excessive tests and failed to
maintain records.  In satisfaction of these charges, petitioner
entered into a consent agreement in which he acknowledged that he

could not successfully defend at least one of the alleged acts of professional misconduct and agreed to, among other things, a censure, a reprimand and a three-year period of probation. Shortly before the consent order became effective, petitioner pleaded guilty to driving while ability impaired by drugs, which ultimately gave rise to 14 additional specifications of professional misconduct based upon allegations that he had committed an act constituting a crime in New York (see Education Law § 6530 [9] [a] [i]), violated a term of probation (see Education Law § 6530 [29]), practiced medicine fraudulently (see Education Law § 6530 [2]), filed a false report (see Education Law § 6530 [21]) and engaged in conduct evidencing moral unfitness to practice medicine (see Education Law § 6530 [20]).

Following a hearing before the Hearing Committee of the State Board for Professional Medical Conduct, all 14 specifications of professional misconduct were sustained. In reaching its determination, the Hearing Committee found that petitioner intentionally misrepresented or concealed on a registration renewal form the fact that he had criminal charges pending against him — including the charge of driving while ability impaired. Similarly, the Hearing Committee also found that petitioner intentionally misrepresented or concealed on another renewal form and two separate hospital reappointment forms his subsequent guilty plea. Petitioner admitted to these four misrepresentations at the hearing, but maintained that they were not intentional because he genuinely, albeit mistakenly, believed that driving while ability impaired by drugs was a minor traffic infraction, as opposed to a misdemeanor crime. The Hearing Committee, however, rejected petitioner's testimony as incredible and found that each misrepresentation or concealment was "a knowing, deliberate, and intentional act" aimed at avoiding the consequences that would have arisen if he had disclosed the initial charges or subsequent misdemeanor conviction. As for the penalty, the Hearing Committee revoked petitioner's license, finding that he showed a lack of remorse and a disregard for the seriousness of his actions. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner's sole contention is that the penalty of license

revocation is excessive and harsh in light of the evidence of his good character and the fact that the misrepresentations did not impact patient care. We disagree. A penalty imposed by the Hearing Committee will only be disturbed when it is "so incommensurate with the offense as to shock one's sense of fairness" (Matter of Josifidis v Daines, 89 AD3d 1257, 1261 [2011] [internal quotation marks and citations omitted], lv denied 19 NY3d 801 [2012]; see Matter of Eisenberg v Daines, 99 AD3d 1117, 1120 [2012]). We note that "[t]he fact that patient care was not implicated does not preclude revocation of [a] petitioner's license" (Matter of Ross v State Bd. for Professional Med. Conduct, 45 AD3d 927, 930 [2007], lv denied 10 NY3d 701 [2008]; see e.g. Matter of Saldanha v DeBuono, 256 AD2d 935, 935-936 [1998]), and evidence of fraudulent conduct, standing alone, is "sufficient to uphold the penalty of revocation" (Matter of Ostad v New York State Dept. of Health, 40 AD3d 1251, 1253 [2007]; see Matter of Glassman v Commissioner of Dept. of Health of State of N.Y., 208 AD2d 1060, 1061-1062 [1994], lv denied 85 NY2d 801 [1995]).

At the hearing, six witnesses testified to petitioner's honesty and moral fitness to practice medicine. However, one was not aware of petitioner's conviction and the others did not add relevant testimony. This was petitioner's second time before the State Board for Professional Medical Conduct, and the Hearing Committee found that, despite the fact that his guilty plea occurred while he was negotiating the consent order, he intentionally concealed this information. Moreover, all of the subsequent misrepresentations occurred while petitioner was serving his three-year term of probation. In our view, the foregoing facts, coupled with the undisputed series of fraudulent actions committed by petitioner, establish that the penalty of license revocation was not so disproportionate to the offense as to shock one's sense of fairness (see Matter of Dolin v State Bd. for Professional Med. Conduct, 274 AD2d 862, 863-864 [2000], lv denied 95 NY2d 770 [2000]; Matter of Saldanha v DeBuono, 256 AD2d at 936; Matter of Glassman v Commissioner of Dept. of Health of State of N.Y., 208 AD2d at 1061-1062). Finally, we note that the cases relied upon by petitioner involve fewer instances of fraudulent conduct (see Matter of Bottros v DeBuono, 256 AD2d 1034, 1034-1035 [1998]) or mitigating circumstances not present

here (see Matter of Addei v State Bd. for Professional Med. Conduct, 278 AD2d 551, 553 [2000]).

    Peters, P.J., McCarthy, Lynch and Clark, JJ., concur.


    ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                        ENTER:


                        *Robert D. Mayberger*

                        Robert D. Mayberger
                        Clerk of the Court