Matter of Cherisme-Theophile v Department of Health (2020 NY Slip Op 00007)





Matter of Cherisme-Theophile v Department of Health


2020 NY Slip Op 00007


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526647

[*1]In the Matter of Emmanuella Cherisme-Theophile, Petitioner,
v
Department of Health et al., Respondents.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Kupillas Unger & Benjamin, LLP, New York City (Jeffrey Benjamin of counsel), for petitioner.
Letitia James, Attorney General, New York City (Maryam Jazini Dorcheh of counsel), for respondents.



Devine, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
The Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner, a physician, with 19 specifications of professional misconduct arising from, in relevant part, the misrepresentation of her professional history on various applications and license renewal forms. Following a hearing, a Hearing Committee of respondent State Board for Professional Medical Conduct sustained the seven charges relating to her misrepresentations, finding that her actions constituted fraudulent medical practice and professional misconduct (see Education Law § 6530 [2], [14]; Public Health Law § 2805-k). The Hearing Committee imposed a penalty that included a two-year stayed suspension of petitioner's license to practice medicine and a two-year term of probation. The BPMC appealed the determination to respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB), arguing that petitioner's medical license should be revoked. The ARB agreed, and petitioner commenced this CPLR article 78 proceeding (see Public Health Law § 230-c [5]) to challenge the ARB's determination.
Petitioner did not administratively appeal from the Hearing Committee's determination and, when BPMC sought ARB review of the penalty imposed, she argued that the determination should be upheld in all respects. Inasmuch as petitioner did not challenge the Hearing Committee's factual findings at the administrative level, her present attempt to do so is unpreserved and will not be considered (see Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]; Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Cohen v New York State Dept. of Health, 65 AD3d 791, 793 [2009]). We therefore turn to her argument against the penalty of license revocation imposed by the ARB.
It is well settled that "[t]he ARB is empowered to impose a harsher penalty than the [Hearing] Committee, and such penalty will only be disturbed if it is so disproportionate to the offense that it is shocking to one's sense of fairness" (Matter of Cohen v New York State Dept. of Health, 65 AD3d at 793; see Matter of Gutierrez v New York State Bd. for Professional Med. Conduct, 170 AD3d 1342, 1346 [2019]). Petitioner's personnel records established that she was suspended, terminated for cause or forced to resign from multiple residency programs and medical jobs. She concealed or misrepresented those facts on employment applications and license renewal forms over several years and, in one instance, was terminated from a position because of her deceit. The Hearing Committee found, and the ARB concurred, that this pattern of misrepresentations by petitioner was intentional and aimed at avoiding the negative consequences her track record would have upon her employment and licensing prospects (see e.g. Matter of Josifidis v Daines, 89 AD3d 1257, 1257-1258 [2011], lv denied 19 NY3d 801 [2012]). In our view, the ARB's penalty of license revocation is not grossly disproportionate to petitioner's pattern of fraudulent conduct, especially in light of her failure to accept responsibility or express any remorse for it (see Matter of Kulik v Zucker, 144 AD3d 1217, 1218-1219 [2016]; Matter of Dolin v State Bd. for Professional Med. Conduct, 274 AD2d 862, 864 [2000], lv denied 95 NY2d 770 [2000]; Matter of Saldanha v DeBuono, 256 AD2d 935, 936 [1998]; Matter of Sung Ho Kim v Board of Regents of Univ. of State of N.Y., 172 AD2d 880, 882 [1991], lv denied 78 NY2d 856 [1991]).
Clark, J.P., Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.