Matter of Maatouk v New York State Dept. of Motor Vehicles Safety & Bus. Hearing Bur. (2020 NY Slip Op 00535)





Matter of Maatouk v New York State Dept. of Motor Vehicles Safety & Bus. Hearing Bur.


2020 NY Slip Op 00535


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10889 152978/18

[*1] In re Khadija Maatouk, et al., Petitioners,
v
New York State Department of Motor Vehicles Safety and Business Hearing Bureau, Respondent.


Law Offices of Andrew J. Spinnell, LLC, New York (Andrew J. Spinnell of counsel), for petitioners.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondent.



Determination of respondent, dated November 28, 2017, which, after a hearing, revoked petitioners' authorization to be a driving school instructor and operate a driving school, respectively, including under the Department of Motor Vehicles' (DMV) Point and Insurance Reduction Program (PIRP), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered December 11, 2018) dismissed, without costs.
Petitioners were cited for violations of the Vehicle and Traffic Law (VTL) and DMV regulations after an undercover monitor registered for a six-hour PIRP course at their school, was not provided instruction, and received a certificate of completing the course. Petitioners submitted verification to their sponsoring agency that the monitor completed the course.
The testimony of the monitor and the documentary evidence submitted at the hearing constitute substantial evidence to support the finding that petitioners engaged in "fraud or fraudulent practices in relation to the business conducted under the license" (VTL 394[5][d]; VTL 394[8][b][5]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). There exists no basis to disturb the ALJ's decision to credit the monitor's testimony over the testimony presented by petitioners (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]).
Under the circumstances, the penalty imposed does not shock one's sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). A driving school license and an instructor's certificate may be revoked where there is proven fraud (VTL 394[5][b], [8][b][5]), and where a PIRP delivery agency's approval is "suspended or revoked . . ., all instructors and classroom operations of the delivery agency will also be suspended or revoked" (15 NYCRR 138.9[c]). "[E]vidence of fraudulent conduct, standing alone, is sufficient to uphold the penalty of revocation" (Matter of Kulik v Zucker, 144 AD3d 1217, 1218 [3d Dept 2016] [internal quotation marks omitted]).
Petitioners' remaining contentions were not raised in the administrative appeal and are unpreserved (see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK