Matter of Imam v New York State Bd. for Professional Med. Conduct (2020 NY Slip Op 08138)





Matter of Imam v New York State Bd. for Professional Med. Conduct


2020 NY Slip Op 08138


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

529258

[*1]In the Matter of Muneer Imam, Petitioner,
v
New York State Board for Professional Medical Conduct et al., Respondents.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Garfunkel Wild, PC, Great Neck (Jason Hsi of counsel), for petitioner.
Letitia James, Attorney General, Albany (Todd A. Spiegelman of counsel), for respondents.



Mulvey, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
Petitioner was licensed to practice medicine in New York in 1984. In 2016, the Bureau of Professional Medical Conduct charged petitioner with committing professional misconduct by practicing the profession with negligence on more than one occasion and by failing to maintain accurate patient records (see Education Law § 6530 [3], [32]). Agreeing that he could not successfully defend against "at least one of the acts of misconduct alleged," petitioner entered a consent order with respondent State Board for Professional Medical Conduct. The consent order, which went into effect on April 12, 2016, imposed a 36-month suspension of his medical license, which was stayed during a 36-month period of probation. The terms of petitioner's probation required, among other things, that he "practice medicine only when monitored by a licensed physician, board certified in an appropriate specialty," and that petitioner maintain a certain level of medical malpractice insurance coverage.
Thereafter, the Office of Professional Medical Conduct (hereinafter OPMC) charged petitioner with violating the terms of his probation. Following a hearing, a Hearing Committee of the Board for Professional Medical Conduct found that petitioner "failed to comply with the terms of probation" and imposed a six-month suspension of petitioner's medical license, to be followed by three years of probation, and a civil penalty of $18,000. Upon review, respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed the Hearing Committee's determination that petitioner committed professional misconduct (see Education Law § 6530 [29]), but overturned the penalty, instead revoking petitioner's license. Petitioner commenced this proceeding challenging only the penalty of license revocation.
"[T]he ARB is empowered to impose a harsher penalty than the Hearing Committee, and such penalty will only be disturbed if it is so disproportionate to the offense that it is shocking to one's sense of fairness" (Matter of Cherisme-Theophile v Department of Health, 179 AD3d 1160, 1161 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d 1103, 1105 [2014]; Matter of Poulose v Shah, 96 AD3d 1205, 1207 [2012], appeal dismissed 19 NY3d 1015 [2012]). "[T]he fact that patient care was not implicated does not preclude revocation of a petitioner's license" (Matter of Kulik v Zucker, 144 AD3d 1217, 1218 [2016] [internal quotations marks, brackets and citation omitted]; see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d at 1105). Moreover, although a petitioner's conduct [*2]may be "less egregious than that in other cases in which revocation has been imposed, penalties imposed in other cases are irrelevant because each case must be judged on its own peculiar facts and circumstances" (Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1394 [2010] [internal quotations marks and citations omitted]; see Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d 1182, 1184 [2019]; compare Matter of Bottros v DeBuono, 256 AD2d 1034, 1036 [1998]).
Petitioner admitted that he continued to practice medicine from May 2016 through January 2017, despite not having a practice monitor or excess malpractice insurance in place during that time. The ARB and the Hearing Committee appropriately rejected petitioner's assertions that he simply misunderstood the terms of the consent order and that he reasonably believed that he was entitled to practice medicine while he was attempting to comply with the requirements to obtain a practice monitor and excess insurance. Petitioner could have clarified his understanding of the consent order had he responded to OPMC's letters directing him to schedule a meeting. Indeed, the order required him to cooperate with OPMC, yet petitioner did not attend an initial meeting — the purpose of which is for OPMC staff to explain the order and terms of probation and answer any questions related thereto — until more than a year after the order went into effect. He also failed to accept responsibility, instead blaming OPMC and his former counsel for his misunderstanding. Although no patients were harmed, petitioner put his patients at risk by evading the probationary terms that were intended to protect them. Furthermore, petitioner had been placed on probation after having been found guilty of professional misconduct in 1993 and he violated his 2016 probation by ignoring the main provisions immediately after entering into the agreement. Thus, the ARB appropriately concluded that, as petitioner had "received disciplinary penalties twice already that should have deterred [him] from further misconduct," "allowing [him] to retain his [l]icense after his latest misconduct would make a mockery of the probation system." Accordingly, the ARB did not err in revoking petitioner's license to practice medicine (see Matter of Dolin v State Bd. for Professional Med. Conduct, 274 AD2d 862, 864 [2000], lv denied 95 NY2d 770 [2000]).
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.